IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **ROMAN SEBASTIAN MONZON,** ) | **CASE NO. 7:21cv00193** | |
| Plaintiff, ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| **BRIAN HALL,** *et al.*, ) | By:  Hon. Thomas T. Cullen | |
| Defendants. ) | United States District Judge | |

This matter is before the Court on Plaintiff Roman Sebastian Monzon's ("Monzon") Motion seeking interlocutory injunctive relief. (ECF No. 16.) After review of the record, the Court will deny Monzon's Motion.

**I.**

Monzon's Complaint concerns events that occurred at River North Correctional Center ("RNCC"), where he is currently confined. He names several defendants who are all employees of the Virginia Department of Corrections at RNCC.[1] Monzon alleges that in November 2020, he informed—or attempted to inform—certain defendants that inmate gang members had threatened his physical safety "as a result of [his] gender identity." (Compl. 3 [ECF No. 1].). One defendant allegedly "punished [Monzon] for being transgender by punitively placing [him] in segregated housing and filing a false [disciplinary] charge against [him]." (*Id.*) Monzon also alleges that in a related incident, other defendants used excessive force against him or failed to provide him with adequate medical care for injuries resulting

---

[1] Monzon identifies as transgender but has not indicated his preferred pronouns. In his motion, however, Monzon appears to use "he" to refer to himself. (*See* Mot. 1 [ECF No. 16].) Unless Monzon requests otherwise, then, the Court will use "he/him" to refer to Monzon.

from that alleged assault. As relief, Monzon seeks monetary damages and injunctive relief directing officials to provide him safe housing.

On June 7, 2021, two months after filing his Complaint, Monzon filed a "Motion for Temporary Restraining Order and Preliminary Injunction" (ECF No. 16). He sought a Court Order directing defendant Unit Manager Brian Hall "to provide safe, adequate housing in general population" for Monzon, "where he will not be subjected to extortion by members of criminal organizations." (Mot. 1 [ECF No. 16].) Monzon states that on March 24, 2021, officials returned him to the same pod that housed the gang members who had previously threatened him. He apparently informed Hall and other officials that he was in an unsafe housing situation. Monzon alleges that, later the same day, a gang member directed him to pay monthly rent to live safely in the pod. Monzon informed Hall of the extortion, but Hall said that the only alternative housing was segregation. A gang member then allegedly told Monzon that he must pay additional rent to use the VDOC-provided telephone every other day. Monzon claims that, when he explained the extortion to Sergeant Larry Evans (who is not a defendant in this case), Evans failed to take any action. Monzon asserts that he "is still being extorted by gang members and is in danger of bodily harm should he refuse." *Id.* As relief, Monzon asks the Court to order his transfer to safe housing, free from these dangers.

## II.

A party seeking preliminary injunctive relief must state facts clearly showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Each of these

four factors must be satisfied. *Id.* "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with the [Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.*

After reviewing the parties' submissions, the Court concludes that Monzon's Motion must be denied. "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997). To warrant interlocutory relief, the movant "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.*

As discussed above, Monzon's Complaint concerns alleged danger to his safety, use of excessive force, and denial of medical care for related injuries, all of which occurred in November 2020. His Motion, on the other hand, concerns a different set of events in April 2021, and raises a new claim alleging failure to protect him from extortion. It also involves different officials who are not named defendants in this case. The alleged events—while disturbing if true—are not clearly related to the defendants' alleged November 2020 conduct, as detailed in Monzon's Complaint. The Court therefore finds that it would be inappropriate to grant the requested preliminary injunctive relief based on the facts alleged in the Motion.[2]

---

[2] A temporary restraining order ("TRO") may issue without notice where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" Fed. R. Civ. P. 65(b). The movant must also demonstrate entitlement to interlocutory relief. In this case, Monzon has not demonstrated any reason the Court should decide his Motion without a response from Defendants. Moreover, the Court has concluded that Monzon is not entitled to a preliminary injunction. Accordingly, he is also clearly not entitled to a TRO as requested.

Monzon remains free to bring a separate § 1983 action concerning the events of April 2021 as described in the Motion.[3]

### III.

For the reasons stated, the Court will deny Monzon's Motion (ECF No. 16). An appropriate Order will issue herewith.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 12th day of November, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[3] By recognizing Monzon's opportunity to file a separate civil action on these issues, the Court is not making any finding as to the possible merit of such claims. The Court also notes that Monzon is required to have exhausted available administrative remedies as to any claims concerning events in April 2021 before filing his lawsuit. *See* 42 U.S.C. § 1997e(a).